PER CURIAM.
This ease is again before us, see Lewis v. State, 597 So.2d 842 (Fla. 3d DCA 1992), upon remand for reconsideration pursuant to Munoz v. State, 629 So.2d 90 (Fla.1993). We affirm.
Appellant, Brian Lewis (Lewis), was charged with trafficking in cocaine and conspiracy to traffic in cocaine. Lewis moved to dismiss the charges on the ground of objective entrapment. The trial court denied the motion.
Lewis then entered a plea of no contest to trafficking in cocaine, reserving his right to appeal the motion to dismiss. In return, the State dropped the conspiracy charge and reduced the fifteen year mandatory minimum sentence to five years.
On remand, the issue is the propriety of the trial court’s order denying dismissal in light of the subjective entrapment test adopted in Munoz. Under the subjective test, the first question to be addressed is whether an agent of the government induced the accused to commit the offense charged. Munoz, 629 So.2d at 99. If the first question is answered affirmatively, then the second question to be determined is whether the accused was predisposed to commit the offense charged; “that is, whether the accused was awaiting any propitious opportunity or was ready and willing, without persuasion, to commit the offense.” Id.
Where there is a factual question of predisposition at issue, the entrapment evaluation cannot be decided as a matter of law. Id. at 100. Here, a disputed issue of fact exists regarding Lewis’ predisposition. Therefore, we conclude that Lewis was not subjectively entrapped as a matter of law and affirm the trial court’s order denying Lewis’ motion to dismiss. Because Lewis pleaded nolo contendere reserving his right to appeal this issue, we thereby affirm Lewis’ conviction and sentence.
Affirmed.